

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2005

# Lind v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2193

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lind v. Comm Social Security" (2005). *2005 Decisions.* Paper 1175.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1175

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2193

JOHN L. LIND,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-02790)
District Judge:   Bruce W. Kauffman

Submitted under Third Circuit LAR 34.1(a)
on 1/13/05

BEFORE:  ROTH and CHERTOFF*, <u>Circuit Judges</u>, and
IRENAS,** <u>District Judge</u>

(Opinion Filed May 17, 2005)

---

        *This case was submitted to the panel of Judges Roth, Chertoff and Irenas.  Judge
Chertoff resigned after submission, but before the filing of the opinion.   The decision is
filed by quorum of the panel.  28 U.S.C. § 46(d).
         **Honorable Joseph E. Irenas, , United States District Court Judge for the District
of New Jersey, sitting by designation.

## OPINION

**ROTH**, Circuit Judge:

This case is an appeal of the decision of the Commissioner of the Social Security Administration to deny John Lind's claim for Social Security Income (SSI) based on a disability. We have jurisdiction over this appeal from the District Court's final order awarding summary judgment to the Commissioner pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). The detailed history and facts of the case are presented in the District Court's opinion, Lind v. Barnhart, No. 02-2790, slip op. at 1-3 (E.D. Pa. April 6, 2004), and will only be summarized here. At issue in this appeal is whether substantial evidence supports the decision that Lind is not entitled to SSI because he is not so functionally limited as to preclude his performance of sedentary work with limitations.

Our review of the District Court's order is plenary, but we may reverse the grant of summary judgment to the Commissioner only if we conclude that the Administrative Law Judge's (ALJ) findings were not supported by substantial evidence. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is that evidence that "a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (internal citations omitted).

The disability standard requires evidence of a medically determinable impairment that is so severe as to prevent an individual's performance of any substantial gainful

2

activity which exists in the national economy. 42 U.S.C. § 423(d)(1)(A). Lind claims he suffers from a variety of ailments including amputation of his arm, heart problems, breathing and respiratory problems, hearing loss, and memory loss and that these disabilities constitute a severe impairment and preclude him from working. At the hearing, the ALJ determined that Lind had a combination of impairments that are "severe," but found that he did not qualify for a conclusive presumption of disability because his combination of impairments did not meet those listed in the applicable regulations. (Transcript at 31). The ALJ further found that Lind could not perform his past work as a stock supervisor or cashier, but that he does retain the residual functional capacity to perform sedentary work. Therefore, the ALJ found Lind to not be disabled and denied benefits. The ALJ's decision became the Commissioner's final decision under 42 U.S.C. § 405(g).

Lind then filed a complaint in the U.S. District Court for the Eastern District of Pennsylvania seeking to overturn the ALJ's decision. After the Magistrate Judge issued a Report and Recommendation, Lind specifically objected to the Magistrate's recommendation to deny summary judgment based on the ALJ's conclusion of past relevant work and the weight the ALJ accorded to the evaluation by the clinical psychologist. The District Court found that substantial evidence supported the ALJ's decision and granted summary judgment for the Commissioner. Lind now argues to this Court that the ALJ's findings that Lind can perform sustained sedentary work and does

3

not have a severe mental impairment were in error.

Lind first argues that the ALJ improperly found that Lind's physical impairments allow him to perform sustained sedentary work. The ALJ properly found that Lind suffered from the ailments noted above, based on medical records and the testimony of experts. The ALJ also considered Lind's testimony, consistent with the applicable regulations. See 20 C.F.R. 404.1529(a), 416.919(a). After considering this evidence, the ALJ found that Lind's impairments nonetheless allowed him to perform sedentary work. This conclusion is supported by substantial evidence in the record.

Lind also contends that the ALJ improperly determined that Lind could perform past relevant work and that Lind's mental impairments, contrary to the ALJ's finding, render him unable to perform sustained sedentary work. Lind argues that the ALJ did not find that Lind had a "severe" mental impairment and further disregarded the effect of Lind's psychological impairments in determining Lind's residual functional capacity for sedentary work. Lind specifically claims that the ALJ completed the required Psychiatric Review Technique Form ("PRTF"), but did not use that form in her analysis and conclusions.

Lind's contention regarding the ALJ's finding of mental impairment and use of the PRTF is not supported by the record. Contrary to Lind's assertion, the ALJ specifically found that Lind had a "severe" mental impairment. (Transcript at 31). As the Magistrate found, the ALJ used the PRTF and information in it in her decision. (R&R at 15). The

4

ALJ considered Lind's mental impairment throughout the sequential evaluation process, addressed the consultative mental evaluation by Dr. Siegel and state agency psychologist Dr. Gold, and discussed Lind's testimony regarding his mental condition. After fairly considering all of this evidence, the ALJ concluded that Lind had some limitations but determined that, under step five of the sequential evaluation process, Lind had some residual functional capacity and could perform some limited types of work. Thus, Lind's contention that the ALJ did not properly consider the evidence of Lind's mental condition in the analysis of his work capacity is unfounded. Further, the ALJ's conclusion is supported by substantial evidence including Lind's medical history, own testimony, and the testimony of more than one medical expert.

The decision of the ALJ that Lind is not entitled to SSI is supported by substantial evidence. The ALJ properly applied the applicable guidelines to determine that Lind could perform sedentary work, notwithstanding his medical condition. This determination was supported by the medical evidence discussed above. Thus, because the decision of the ALJ is supported by substantial evidence, the District Court's grant of summary judgment for the Commissioner will be affirmed.